Judge Rowan
delivered the opinion of the court.
This was a suit in chancery in which the complainants alledge that Andrew Steel made an entry of about 500 acres of land, for and in the name Of Thomas Quirk, on the Town fork of Elkhorn, in Fayette: That in the year 1785, Quirk sold to John Brown all his claims to land in virtue of entries made by Andrew Steel in the county of Fayette: That Brown, in the same year, sold to the said Steel all the lands which he had so bought from Quirk:—That a survey was made upon the aforesaid entry subsequent to the purchases made by Brown and Steel as aforesaid, in the name of Quirk, for 350 acres, and carried into grant: That Steel sold the tract aforesaid to John Allison, who sold 200 acres thereof to W. and J. Dryden, who sold to D. Morris and Chambers: That Allison sold the remaining 150 acres to Andrew Vance, who sold to Williams, who sold to Clement Bell, who sold to John Morris: That the purchasers from Allison and their successors respectively occupied and improved the land extensively; and that the complainants have extended the improvements and continue in the occupancy of the land:—That the several contracts and transfers aforesaid, inclusive, were in writing: That the one from Quirk to Brown was either an assignment of the plat and certificate, or a power of attorney to the surveyor of Fayette county to make the assignment, and is lost: that of Brown to Steel is exhibited: that of Steel to Allison, and those of Allison to David and Nathaniel Dryden and to Andrew Vance, are lost in the conflagration of the office of the clerk of Fayette: those of the Drydens to Morris and Chambers, and that of Bell to Morris, are exhibited; the others are lost. That the de *66 fendant, Edwards, with full notice of the sales, transfers, and purchases, aforesaid, after the occupancy of the land by the purchasers thereof, during the period of between ten and fifteen years, and when the complainants were in the occupancy of it under their purchase aforesaid, purchased and received a conveyance of the land aforesaid from the said Quirk.
Incompetent evidence cannot be objected to in the court of appeals, unless it was so in the court below, the objection will be presumed to have been waived.
Edwards acknowledges the purchase of the land and the receipt of a conveyance thereof from Quirk—admits that he was informed, before he completed his purchase from Quirk, by Brown and others, that Brown had, in the year 1785, bought the land from Quirk, but insists that Brown acknowledged to him that he was not able to find the written contract, and offered to give as much as $500 for a conveyance of the tract. He insists that Brown asserted his claim in a manner so doubtful, that he had just cause to conclude that he had no claim thereto.
The court below decreed that Edwards should convey to the complainants. To reverse which decree, this writ of error is sued out.
It is contended by the plaintiff in error, that neither the existence or the loss of a written contract between Brown and Quirk for this land is sufficiently proved. The same objection is made to the alledged contracts between Steel and Allison and between Allison and the Drydens; between Allison and Vance, and between Vance and Williams, and Williams and Bell. It may be answered, first, that the contract between Quirk and Brown is alledged to have been made in the year 1785—there was then no law requiring contracts of that sort to be reduced to writing. The statute of frauds did not take effect until nearly two years thereafter. But we think the written contract sufficiently proved. The objection that the proof is of an incompetent character, cannot avail when taken for the first time in this court. The objections are such as might have been waived by the defendant in the court below. No objection having been taken to it there, the presumption that it was waived by the party who had a right to make objection to or waive it, follows necessarily from the presumption which we are constrained to indulge, until the contrary is shewn, in relation to that court, viz. that it acted legally, which it could not have done (in more instances than one) in this case, unless the defendant had waived his objections. This presumption applies particularly to the depositions of Brown *67 and Lindsey, and to the two papers purporting to be copies of records. But it may be observed that those depositions and records were not necessary to the establishment of the facts to which they relate: because those facts were admitted by the other parties to the suit, who alone were interested therein; and they were also proved by testimony, to the admission of which no exception in the court below could have been availing.
A purchaser with notice of a prior equity, will not be protected.
It is not necessary, in this case, to decide whether the actual possession of a tract of land by a person having an equitable title thereto shall, per se, be notice to the subsequent purchaser, as we think the defendant, Edwards, is proved to have been a purchaser with actual notice.
The decree of the court below must be affirmed with costs.